IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RENALDO SMITH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:04-CV-744 |
| v. | § | |
| | § | |
| ALBERTO GONZALES, | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |
| | § | |

## **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's Motion for Summary Judgment [Doc. #15]. Plaintiff, Renaldo Smith, failed to respond to four of the five grounds for summary judgment. Plaintiff's response to the fifth ground consists of an unauthenticated affidavit. The affidavit is not competent summary judgment evidence and the court strikes it. Accordingly, Defendant's motion is granted.

### **I. Background**

This case was originally filed as a class action in the EEO. The Administrative Judge rejected the complaint for class certification. Smith then filed this lawsuit.[1] Defendant has moved for summary judgment. Defendant has provided a statement of undisputed facts, which Plaintiff does not attempt to contradict. Therefore, the court presumes the following facts are undisputed. Local Rule CV-56(d).

Plaintiff Renaldo Smith ("Smith"), an African American male, began working for the Bureau of Prisons ("BOP") in 1985. He was a GS-12 Unit Manager in 1996. From 1999-2001

---

[1] The other Plaintiffs filed lawsuits styled *Kelvin Tims v. Alberto Gonzales*, 1:04cv743; and *Leon Williams v. Alberto Gonzales*, 1:04cv342.

the Warden at the Federal Correctional Center ("FCC") in Beaumont, Texas was Ernest Chandler ("Chandler"), a white male.

From July 12-14, 1999, Plaintiff served a three-day suspension for conduct violations. On August 23, 1999, Plaintiff was denied attendance at a week-long training in Colorado. On April 28, 2000, Plaintiff applied for but was not selected for a position as a GS-12 at a correctional facility in Atlanta, Georgia. On November 2, 2000, Plaintiff was given a warning for failing to follow a BOP policy. Plaintiff responded to the warning on November 15, 2000 with an affidavit. On December 29, 2000, Plaintiff received a proposal letter from the Associate Warden Al Haynes ("Haynes"), proposing a three-day suspension for the November 2, 2000 warning. Plaintiff responded to the proposal, disputing the suspension. On April 11, 2001, the Warden assessed the three-day suspension.

Plaintiff joined Leon Williams in the formal EEO complaint of class discrimination March 5, 2001. On May 21, 2001, the Administrative Judge rejected Leon Willams's EEO complaint for class certification. Following an investigation and hearing, the Administrative Judge issued his decision relating to Smith. The Administrative Judge found no discrimination on July 20, 2004.

## II. Standard of Review

The party moving for summary judgment under Fed. R. Civ. P. 56 has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). Movant may show that the undisputed material facts affirmatively establish a right to judgment. Alternatively, movant may establish that the other party has the burden of

proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S. Ct. 1689 (1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2522 (1986)).

In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1335 (1986); *Anderson*, 477 U.S. at 257, 106 S. Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356. Fed. R. Civ. P. 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S. Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*, 477 U.S. at 248 106 S. Ct. at 2510. The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue. *Id.* If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.

Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356. However, only *reasonable* inferences in favor of the nonmoving party can

be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992).

### III. Analysis

Defendant has moved for summary judgment on five separate grounds: (1) Title VII provides the exclusive remedy for Plaintiff; (2) Plaintiff's failure to exhaust administrative remedies; (3) Plaintiff can not establish a claim of hostile work environment; (4) Plaintiff can not establish a claim of racial discrimination; and (5) Plaintiff can not establish a claim of retaliation.

Plaintiff has failed to respond to the first, second, third, and fifth grounds of Defendant's motion. Where a party does not oppose a motion, the court will assume there is no opposition. Local Rule CV-7(d). Defendant's motion is granted as to the first, second, third, and fifth grounds. Plaintiff has responded to the fourth ground with an affidavit that purports to offer statistical evidence of racial discrimination.

Plaintiff did not oppose Defendant's claim that he failed to exhaust administrative remedies as to all but one alleged incident of discrimination. The only alleged incident of racial discrimination for which Plaintiff did exhaust his administrative remedies is the discipline which occurred on April 11, 2004. Accordingly, the court reviews Defendant's motion as to Plaintiff's claim of racial discrimination, based on the April 11, 2001 three day suspension from Warden Chandler.

#### A. Racial Discrimination

Plaintiff has no direct evidence to support his claim. In order to prove a discrimination claim based on circumstantial evidence, the court turns to the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817 (1973). Under this

scheme, a Plaintiff must first prove a *prima facie* case of discrimination by showing: (1) he belongs to a protected class; (2) he was qualified; (3) he suffered adverse employment action; and (4) a similarly situated non-class member was treated more favorably. *See Price v. Fed. Express Corp.*, 283 F.3d 715, 719-20 (5th Cir. 2002).

If Plaintiff makes out a *prima facie* case, the second step of *McDonnell Douglas* shifts the burden to Defendant to establish a legitimate non-discriminatory reason for the treatment to Plaintiff. *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 256-58, 101 S. Ct. 1089 (1981); *Price*, 283 F.3d at 720. If Defendant produces a legitimate non-discriminatory reason, the mandatory inference of discrimination drops out. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-11, 113 S. Ct. 2742 (1993). Finally, Plaintiff is given the opportunity to demonstrate Defendant's non-discriminatory reason is pretext for intentional discrimination. *Price*, 283 F.3d at 720.

The evidence offered by Plaintiff to establish pretext must also be sufficient to support an inference of intentional discrimination. *Reeves*, 530 U.S. at 148, 120 S. Ct. 2097. The Court in *Reeves* recognized that a *prima facie* case combined with evidence of pretext is not always enough to defeat judgment as a matter of law, "if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted evidence that no discrimination had occurred." *Reeves*, 530 U.S. at 148, 120 S. Ct. 2097. Ultimately, the Plaintiff must be a victim of intentional discrimination and must present evidence that a reasonable fact finder could infer intentional discrimination. *Id.* at 153.

Defendant does not dispute the first three prongs of *McDonnell Douglas*. Defendant asserts that Plaintiff cannot establish the fourth prong, that a similarly situated white person was

treated differently than Plaintiff. The three day suspension imposed on Plaintiff April 11, 2001 is the subject of the alleged racial discrimination. Plaintiff authored a letter addressed "to whom it may concern," on behalf of an inmate. Defendant's Motion for Summary Judgment, Exhibit H. This was a violation of P.S. 5840.09, which states "correspondence may be addressed only to a specific person or agency." Defendant's Motion for Summary Judgment, Exhibit J.

In order to demonstrate that a similarly situated white supervisor was treated more favorably, the Plaintiff must show that preferential treatment was given to a white employee in "nearly identical" circumstances. *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). Plaintiff's evidence consists of an affidavit signed by Plaintiff. The notary purports to be Plaintiff's counsel.

The affidavit filed does not comply with the Federal Rules of Civil Procedure. There is no notary seal affixed to this affidavit, nor does it attempt to comply with the rules of an unsworn declaration. *See* 28 U.S.C. § 1746. Further, the affidavit, does not state that is comes from personal knowledge. While personal knowledge might consist of inferences, "the inferences and opinions must be grounded in observation or other first-hand personal experience . . . not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). The conclusions contained in the affidavit allegedly are from information in the public domain. Exactly which public domain, or information database is not stated. The affidavit fails to comply with Fed. R. Civ. P. 56(e).

The affidavit filed also fails to comply with the Federal Rules of Evidence. The affidavit appears to be the type of evidence an expert would give. Plaintiff has not designated an expert.

Plaintiff, in his sur-reply, states that the information in the affidavit could be analyzed by a non-expert with "only a command of high school mathematics." Plaintiff's Sur-Reply Memorandum in Opposition to Defendant's Motion, p. 2 [Doc. #21]. However, the expert must still base testimony on "sufficient facts or data," and "reliable principles and methods." Fed. R. Evid. 702(1)-(2). In addition, the expert must have "applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702(3).

Maybe the statistics set out could be shown to be reliable by a high school graduate, maybe they could not. What is not set out in the affidavit are: (1) the source or basis for the data, so the court can determine sufficiency; (2) that the affidavit's author possesses the requisite skills needed to calculate the statistics; (3) any indication that the principles and methods used are reliable; and (4) any indication that the author of the affidavit applied the principles and methods reliably. The affidavit fails under Fed. R. Evid. 702.

Plaintiff has chosen to produce no other evidence to support his position. He has failed to meet his burden of production.

## IV. Conclusion

Responding to a motion for summary judgment is not complicated. Plaintiff first chose not to specifically address the majority of Defendant's motion. Plaintiff has the burden of production on a motion for summary judgment. Usually, a party will attach deposition extracts, affidavits, or written documents to support a position. Plaintiff chose to rest his entire case on an inadmissable substitute for an affidavit, which is not proper under Fed. R. Civ. P. 56(e) or Fed. R. Evid. 702. The court will not consider it as summary judgment evidence.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment **[Doc. #15]** is **GRANTED**.

So **ORDERED** and **SIGNED** this **10** day of **March, 2006.**

_____
Ron Clark, United States District Judge